IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MELANIE EDWARDS                                                                    PLAINTIFF

vs.                                        Civil No. 6:21-cv-06006

COMMISSIONER, SOCIAL                                                               DEFENDANT
SECURITY ADMINISTRATON

## MEMORANDUM OPINION

Melanie Edwards ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Supplemental Security Income ("SSI"), and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

The transcript in Plaintiff's case is 5,702 pages. Plaintiff filed her disability applications on January 26, 2015. (Tr. 104). In these applications, Plaintiff alleges being disabled due to COPD, asthma, chronic bronchitis, emphysema, arthritis, bulging discs, bipolar disorder, PTSD, severe anxiety, severe depression, sleep disorder, Raynaud's disease, ascites, GI issues, chronic

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15. These references are to the page number of the transcript itself not the ECF page number.

pancreatitis, and panic disorder. (Tr. 1560). Plaintiff alleges an onset date of May 1, 2009. (Tr. 1098). Her applications were denied initially and again upon reconsideration. (Tr. 304-309, 313-317). After those denials, Plaintiff requested an administrative hearing, and that hearing request was granted. (Tr. 213-246). After that administrative hearing, the ALJ entered its first unfavorable decision denying Plaintiff's applications for benefits. (Tr. 101-126). Plaintiff appealed that unfavorable decision to this Court, and Plaintiff's case was remanded for further consideration of *Polaski*. (Tr. 1318-1325). *See Edwards v. SSA,* 6:17-cv-06092 (W.D. Ark. 2018).

After her case was remanded, the ALJ held two additional hearings. (Tr. 1122-1236). On November 6, 2020, after these hearings, the ALJ again entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 1095-1121). The ALJ found Plaintiff met the insured status requirements of the Act through September 30, 2011. (Tr. 1100, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 1, 2009, her alleged onset date. (Tr. 1100, Finding 2). The ALJ found Plaintiff had the following severe impairments: chronic obstructive pulmonary disease (COPD); chronic pain syndrome; lumbar spondylosis; mild cervical degenerative disc disease; seizure disorder; migraine/headache disorder; fibromyalgia; borderline personality disorder; anxiety disorder; mood disorder; and post-traumatic stress disorder. (Tr. 1100-1101, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 1101-1103, Finding 4).

The ALJ determined Plaintiff was thirty-four (34) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.968(c), on her date last insured. (Tr. 1109, Finding 7). The ALJ determined Plaintiff had at least a high school education. (Tr. 1109, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 1103-1109, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is able to lift/carry/push/pull up to 10 pounds occasionally and less than 10 pounds frequently. She is able to sit for six hours and stand/walk for two hours in an eight-hour workday. The claimant has [can] climb ramps/stairs, balance, stoop, kneel, crouch, and crawl occasionally. She is unable to climb ladders, ropes, or scaffolds. The claimant must avoid unprotected heights and no driving of vehicles or exposure to dangerous machinery. The claimant needs to avoid concentrated exposure to fumes, odors, or gases. The claimant can tolerate moderate noise. Mentally, the claimant is limited to simple, routine, and repetitive job tasks where the supervision required is simple, direct, and concrete. The reasoning level cannot exceed level two. The claimant can tolerate no more than occasional changes to the work place setting. The claimant cannot interact with the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 1109, Finding 6). Considering that PRW, the ALJ determined that, through her date last insured, Plaintiff was unable to perform any of her PRW. *Id.* The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 1109-1110, Finding 10). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform work as an addresser (unskilled, sedentary) with 2,7000 such jobs nationally; and tube operator (unskilled, sedentary) with 2,900 such jobs nationally. *Id.*

Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from May 1, 2009 (alleged onset date) through November 12, 2020 (ALJ's decision date). (Tr. 1110, Finding 11). On January 13, 2021, Plaintiff filed the present

3

appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 14, 2021. ECF No. 6. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record and requests her case be reversed for a second time and rendered with an award of benefits. ECF No. 20. Specifically, Plaintiff raises the following three arguments for reversal[2]: (1) the ALJ improperly assessed the limitations from her abdominal and mental impairments at Step Three; (2) the ALJ improperly assessed her fibromyalgia; and (3) the ALJ improperly assessed her RFC. *Id.* Defendant has responded, and Defendant argues there is no

---

[2] Plaintiff only specifically raises one argument for reversal in her briefing: the ALJ erred in assessing her RFC. ECF No. 20. However, upon a careful review of Plaintiff's briefing in this matter, Plaintiff actually raises three arguments for reversal.

5

basis for reversal on any of these issues. ECF No. 22. The Court will address each of these three arguments for reversal.

### A. Step Three Determination

In her briefing, Plaintiff claims the ALJ erred in assessing her impairments at Step Three of the Analysis. ECF No. 20 at 3-10. Specifically, Plaintiff claims the ALJ did not properly consider Listings 5.02 (gastrointestinal hemorrhaging from any cause, requiring blood transfusion); 5.06 (inflammatory bowel disease), and 5.08 (weight loss due to any digestive disorder). *Id.* Plaintiff also claims the ALJ did not properly consider Listings 12.05 (intellectual disorder); 12.06 (anxiety and obsessive-compulsive disorders); and 12.08 (personality and impulse-control disorders). *Id.* The Court will consider each of these Listings.

#### 1. Listing 5.02

Plaintiff claims the ALJ improperly found her impairments did not meet the requirements of Listing 5.02: Gastrointestinal hemorrhaging from any cause, requiring blood transfusion. Listing 5.02 requires a demonstration of the following: "(with or without hospitalization) of at least 2 units of blood per transfusion, and occurring at least three times during a consecutive 6-month period. The transfusions must be at least 30 days apart within the 6-month period. Consider under a disability for 1 year following the last documented transfusion; thereafter, evaluate the residual impairment(s)."

In her briefing, Plaintiff claims she meets Listing 5.02 based upon this fact: "Edwards had a blood transfusion in November of 2014 as a result of LA Class B ulcerative esophagitis and antral gastritis." ECF No. 20 at 9. This was a one-time blood transfusion. As such, even with this one transfusion, Plaintiff does not meet the requirements of *three* blood transfusions "during a consecutive 6-month period" as required by Listing 5.02. Thus, Plaintiff has not met her burden

of demonstrating she meets all of the requirements of Listing 5.02.  *See, e.g., Senne v. Apfel,* 198 F.3d 1065, 1067 (8th Cir. 1999) (requiring a demonstration of meeting "all the requirements of a listing").

### 2. Listing 5.06

Plaintiff claims the ALJ improperly found her impairments did not meet the requirements of Listing 5.06: Inflammatory Bowel Disease (IBD).  Listing 5.06 requires a demonstration of the following:

> [D]ocumented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings with:
>
> A. Obstruction of stenotic areas (not adhesions) in the small intestines or colon with proximal dilatation, confirmed by appropriate medically acceptable imaging or in surgery, requiring hospitalization for intestinal decompression or for surgery, and occurring on at least two occasions at least 60 days apart within a consecutive 6-month period.  OR
>
> B. Two of the following despite continuing treatment as prescribed an occurring within the same consecutive 6-month period:
>
>   1. Anemia with hemoglobin of less than 10.0 g/dL, present on at least two evaluations at least 60 days apart; or
>
>   2. Serum albumin of 3.0 g/dL or less, present on at least two evaluations at least 60 days apart; or
>
>   3. Clinically documented tender abdominal mass palpable on physical examination with abdominal pain or cramping that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or
>
>   4. Perineal disease with a draining abscess or fistula, with pain that is not completely controlled by prescribed narcotic medication, present on at least two evaluations at least 60 days apart; or
>
>   5. Involuntary weight loss of at least 10 percent from baseline, as computed in pounds, kilograms, or BMI, present on at least two evaluations at least 60 days apart; or

> 6. Need for supplemental daily enteral nutrition via a gastrostomy or daily parenteral nutrition via a central venous catheter.

In the present action, it appears Plaintiff is arguing she meets the requirements of (B) with evidence of 1 (anemia) and 5 (involuntary weight loss). Upon review of her briefing in this matter, however, Plaintiff only references *one* instance of a "20 pounds weight loss." ECF No. 20 at 9. Under Subpart 5 (involuntary weight loss), Plaintiff must make a demonstration of *two* evaluations. Because Plaintiff has not demonstrated she meets all the requirements of Listing 5.06, the Court finds no basis for reversal on this issue.

### 3. Listing 5.08

Plaintiff claims the ALJ improperly found her impairments did not meet the requirements of Listing 5.08: Weight loss due to any digestive disorder. Listing 5.08 requires a demonstration of the following: "despite continuing treatment as prescribed, with BMI of less than 17.50 calculated on at least two evaluations at least 60 days apart within a consecutive 6-month period." In the present action, Plaintiff only references BMI findings of 18.5 and 18.7. *See* ECF No. 20 at 9. These amounts are above the required 17.50 finding for Listing 5.08. Thus, the Court cannot find Plaintiff has met all of the requirements of Listing 5.08.

### 4. Listings 12.04, 12.06, and 12.08

Plaintiff claims the ALJ improperly found her impairments did not meet the requirements of Listings 12.04, 12.06, and 12.08. ECF No. 22 at 8-11. All three of these Listings require a demonstration of the following: "Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F): 1. Understand, remember, or apply information (see 12.00E1). 2. Interact with others (see 12.00E2). 3. Concentrate, persist, or maintain pace (see 12.00E3). 4. Adapt or manage oneself (see 12.00E4)."

Here, the ALJ specifically found Plaintiff's mental impairments did not meet one of these Listings because Plaintiff only had moderate limitations in all of these areas of functioning. (Tr. 1102-1103). Upon review, the Court finds no basis for reversal on this issue. Indeed, the only support Plaintiff provides for her claim that her mental impairments meet these Listings is a one-time check-list form. (Tr. 81-82). This check-list form is no more than a conclusory opinion entitled to little or no weight. *See, e.g., Wildman v. Astrue,* 596 F.3d 959, 964 (8th Cir. 2010) (recognizing such a form supplies little evidentiary weight when it is conclusory, supplies no medical evidence, and provides little to no elaboration).

### B. Fibromyalgia

Plaintiff claims the ALJ erred by not properly evaluating her fibromyalgia. ECF No. 20 at 10-18. Specifically, Plaintiff "testified that her primary disabling condition is fibromyalgia." *Id.* at 11. Plaintiff also claims the "ALJ summarily dismissed . . . [her] . . . fibromyalgia and all symptoms." *Id.* at 15. Upon review of the ALJ's disability determination, however, the Court finds Plaintiff's argument is misplaced. Indeed, the ALJ did fully consider her fibromyalgia and limited her to a reduced range of sedentary work as a result of this impairment. *See* Tr. 1103. The ALJ did not "summarily" dismiss her complaints of fibromyalgia. Thus, the Court cannot find a basis for reversal on this issue.

### C. RFC Determination

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 20 at 18-24. In assessing a claimant's RFC, it is the ALJ's responsibility to base that determination upon "all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *See Anderson v. Shalala,* 51 F.3d 777, 779 (8th Cir. 1995). The mere fact a claimant has a long list of medical conditions does not demonstrate that person is

disabled; instead, the RFC determination is a function-by-function analysis. *See* SSR 96-8P, 1996 WL 374184 (July 2, 1996). "The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." *Id.*

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. The mere fact Plaintiff suffers from a number of impairments does not demonstrate she has more limitations than those found in the RFC assessment above. As such, the Court finds no basis for reversal on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the ALJ. As such, it is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 16th day of November 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE